Tilghman 0. J.
On the arrival of this cause in the Common Pleas of Erie county, it became necessary for O’ Hara the plaintiff to prove what had been sworn by John Park a deceased witness, on a former trial before Judges Yeates and Smith. .For this purpose a copy of Judge Yeates’s notes was produced, certified by him to be a true copy. The evidence was excepted to by the defendant, and admitted by the court. The plaintiff in error contends that the evidence was inadmissible on two grounds. 1st, That the judge’s notes were not evidence without his oath. 2d, That if the notes had been evidence, a copy was not, because not proved to be a true copy.
It has been very common to admit notes of this kind, on similar occasions, by consent. I have often known it done, and never heard .it questioned. It tends very much to the public convenience, because it is impossible for the judges atteud as witnesses, without violating duties of a superior nature. In the present instance, the plaintiff’s counsel probably depended on the usual practice, nor do I see any great advantage that the defendant will obtain *101 by reversing the judgment, because there must be another trial, on which the defect in the evidence may be remedied. But these are considerations which must not influence our judgments. The simple question for our decision is, whether the evidence was or was not legal.
I do not see on what ground the notes of a judge can he received in evidence, wdthout his oath, if insisted on. It is no part of his official duty to take notes of the evidence, nor are these notes at all in nature of a deposition. It is not usual to take down every thing that a witness says. In general, the judge takes what he thinks to be material; he condenses it, and puts it in his own language. In doing this he may happen to omit things that are very material. But in taking a deposition he exercises no discretion of this kind. It is said that in truth the judge was acting under oath when he took the notes, and therefore no new oath was necessary. It is refining too much to say, that he takes his notes under the obligation of his oath of office; nor is that the oath which the law requires to verify a fact before a jury. If Judge Yeates had appeared as a witness, with his notes in his hands, he could have derived no privilege from his official station, but if required, must have sworn that he took those notes at the trial, and that they contained to the best of his knowledge and belief, the true substance of what was sworn by John Park. No man is to be heard without an oath, except in cases where the law has ordered otherwise. Such are the cases put by the plaintiff’s counsel, of a judge’s taking the acknowledgment of the parties to a deed, or the testimony of the subscribing witnesses; his certificate of having done so, is sufficient evidence, because it is made so by act of assembly. In general where the law directs a judge to do an official act, it receives his certificate as sufficient evidence of the act being done. But the taking notes of the evidence was not an act required by the law, therefore his certificate is no evidence that these notes contain the truth.
But even if the original notes had been evidence, a copy would not be; and if a copy could be evidence, it must be ^proved to be a true copy, by the oath of some witness. The notes of a are neither a record, nor of the nature of a record; they remain in his own custody, nor is he bound to give any one a copy of them. If it becomes material to make use of them before a jury, they must be produced like any other private paper. But supposing for a moment, that for the sake of public convenience, a copy might be received as evidence, still that copy must he proved *102 by oath, because there is no law which has given to the judge the authority to deliver copies of his notes, or which says, that such copies shall be as good evidence as the originals.
I am therefore of opinion, that the evidence admitted by the Court of Common Pleas was illegal, and their judgment should be reversed. A venire facias de novo must be awarded.
Yeates J.
It is a settled rule of law, that what a witness has sworn on a former trial between the same'parties for the same cause of action, may be given in evidence in case of his death. It is founded on the plain necessity of the case. The only question therefore here is, whether the evidence given of what John Park had sworn in October 1800, was legal upon the trial in June 1810?
If a by-stander on the first trial, who heard the testimony given near ten years before, would undertake to state upon oath the testimony which Park had given, he clearly might be received for this purpose, But it must have been under the sanction of an oath or affirmation ; for without this essential requisite, there can be no testimony in legal acceptation. His certificate of the fact would be of no avail; and it never will be pretended, that the certificate of a judge or juror, unless authorized by positive law, stands upon different grounds from that of a private individual. There are grades of credibility, but none of competency. The notes of a judge are no part of the record, but are his private memoranda of what passes, to assist his own recollection. The testimony of the witnesses as taken by him cannot be called their depositions, because it is not read to the witnesses, subscribed by them, nor formally attested by the judge; nor is it penned in that minuteness of detail with which depositions are usually and properly taken. It is sufficient for the judge’s *PurPose» if Be commits to paper every material fact stated by the witnesses, which can throw light on the cause. If the judge who sat on the first trial, is called upon to declare testimony given therein,- he must do it in that sacramental form in which evidence only is admissible. If he does not attend on the second trial, his deposition should be taken under a rule of court, in order that the adverse party may have the benefit of a cross-examination. An ex parte affidavit verifying the notes of the evidence given, would be of no avail. Without this regular and strict proof, the notes of the judge cannot be received in evidence, unless by the consent of the other party.
At the same time I feel it my duty to declare, that though I have very frequently known the notes of judges used as *103 taken on former trials, I never have heard it required but in one solitary instance at Bedford, that they should be verified by the oath of the judge. In that case it was suggested as a ground of objection, and abandoned almost in the same breath. It is true, that in two or three cases, I have been examined to facts which did not appear on the face of my notes, of which I had the most perfect recollection. My memory assisted by written memoranda at the time is peculiarly tenacious, from my association of ideas; but unaided by writing, I have no reason to boast of it.
At this moment, there are not less than forty of my notes of trial dispersed throughout the different counties of the state amongst the different gentlemen of the profession; but I have never been desired to swear to their correctness, as far as I can recollect, except in one suit in Mifflin county, which went before auditors for decision. Now here it appears by the president’s statement, that the counsel for the defendant in error showed the notes to the adverse counsel, and informed him of his intentions to offer the same in evidence, which the latter neither assented nor objected to. Under these circumstances it was not unreasonable to expect, as no objection was made at the time, that the usual practice as to receiving notes in evidence should prevail, according to the usual liberality of the profession. It is not improbable that the silence of the counsel of the defendant below, has been the means of surprise on the present occasion. Innovations in matters of this nature may result in great ^inconvenience. On this point however the bar must be left to judge for themselves. No consent was given that the notes should be admitted, without the pre-requisites necessary by the strict rule of law. Advantage has been taken hereof by bill of exceptions. I have no difficulty whatever in declaring that the notes of the testimony given by Park on the former trial, were not legal evidence, that the judgment of the Court of Common Pleas be reversed, and a venire facias de novo be awarded.
Brackenridge J. having formerly been of counsel in the cause, gave no opinion.
Judgment reversed.
[Cited in 6 S. & R. 289, 359; 7 id. 162, 310; 10 id 17; 11 id. 31, 204, 432; 16 id. 160; 8 Wr. 130. Explained in Lightner v. Wike, 4 S. & R. 206. Tilghman, C. J., saying: “The case of Miles v. O’Hara was cited for the plaintiff. All that was decided in that case, was that the notes of Judge Xeates, unsupported by his oath, were not evidence; but what testimony would have been required of the judge, in order to have made his notes evidence, was not a question before the court, and consequently was not decided.” See also further comments upon Miles v. O’Hara in Chess v. Chess, 17 S. & R. 411.]