HAMILTON *against* the executors of M'GUIRE.

| 3s r355 |
| 133 455 |
| 3s r355 |
| 186 526 |
| 3s r355 |
| 189 246 |

*Pittsburg*.    3SR355
f222    331

IN ERROR.

September.

ERROR to the Court of Common Pleas of *Westmoreland* county, in an action of *covenant*.

The testator, *Robert M'Guire*, by articles of agreement, dated 1st *March*, 1813, covenanted to sell and convey to *A. Hamilton* certain lands; in consideration whereof, *Hamilton* covenanted to pay him 300 dollars by certain instalments. The plaintiffs below, to shew a performance of the testator's covenants, gave in evidence a conveyance, acknowledging in its body, the payment of the whole purchase money, with a receipt indorsed for the same. The defendant gave in evidence, under the plea of covenants performed, several receipts, some of them bearing date after the first of *April*, 1813, on account of the instalments; and then requested the Court to instruct the jury, that the acknowledgment and receipts were in law a bar of the plaintiff's recovery. This the Court refused to do, but gave it in charge to the jury, that they did not bar the plaintiff's recovery, and that the jury ought to find the balance after deducting the amount of the receipts produced by the defendant. The defendant tendered a bill of exceptions.

An acknowledgment of payment of the purchase money in the body of a deed, and a receipt indorsed, are not conclusive evidence of such payment, nor a bar to a suit for the same.

*Reed*, for the plaintiff in error.

*Alexander*, contra.

DUNCAN J. delivered the opinion of the Court.

The plaintiff objects to the charge of the Court; 1. That the articles of agreement have become extinct by the deed. In other words, that the performance of the contract on the part of the plaintiff, dissolved the contract on the part of the defendant, and discharged him from the performance; my reason cannot assent to this doctrine. It is so contrary to all justice and conscience, that it never can be consistent with any principle of law.

2. That the acknowledgment and receipt in the deed operate as a bar, or by way of estoppel; and that it is conclusive . evidence of payment. It is pressing this very far for the defendant to contend, that all was paid on the 1st *April*, 1813, when it is a part of his own case, that the payment was not then made; for he shows receipts of a subsequent date. If it had been even pleaded as a release, the plaintiff might have replied *per fraudem*. A court of chancery would put it out of the way of the plaintiff. Our Courts and juries would inquire into the truth of the fact, and decide accordingly. In the court of appeals of *Maryland, Henry O'Neal* v. *William Lodge*, 3 *Harr.* & *M'Hen.* 433, this very case in all its points was decided; that the receipt and acknowledgment were not a bar in pleading, or in evidence conclusive; but that they were evidence of the lowest order; and that it was every day's practice to have a receipt on the back of the deed, when, perhaps, nine times in ten there was not a shilling paid.

I am, therefore, of opinion, that the charge of the Court was correct in stating, that the deed was no bar to the plaintiff's recovery; and that the jury ought to find the balance, after deducting the receipts produced by the defendant.

Judgment affirmed.