The opinion of the Court was delivered by 1 *
_ Duncan J.
The plaintiff below, Robert Weir, declared in assumpsit. The first count was for 500 dollars, the price of a tract of land, sold by him to Joseph Weigley. The second, for money had and received. The third, states a special agreement. It recites, that disputes and controversies had arisen between the said Robert, and one Patrick MiCorirá, respecting the title of a tract of land, situated on both sides of the path, leading from Brackins, near Mi Candles, in Wheatfield Township, Indiana county, claimed by the.said Robert, and the titles and situation of other tracts of land, clai med and held by him in the same township, and the said Joseph being a practising attorney of the Court of Common Pleas of Indiana county, á certain communication was held between them of and concerning the disputes and controversies aforesaid, and of concerning the said Joseph’s undertaking the business of the said Robert, in the said several matters, to set right, arrange and adjust for him, the matters in dispute- and controversy, touching the title of the tract of land aforesaid, to conduct and manage all suits and prosecutions, •which might be necessary for effecting the premises, and to adjust and settle for the said Robert the disputes and difficulties, then subsisting, regarding the titles of his land in Indiana county, upon which communication, it was then and there agreed in writing, between them, as follows; viz. that the said Joseph, in consideration of 105 dollars, secured to be paid by the said Robert to the said Joseph, then and there undertook and promised hy the writing aforesaid, faithfully and diligently to manage and conduct the business of the said Robert, in the matters aforesaid, and to rectify and ad *310 just the titles of the said Robert, to his lands in the said coutjty, and to sue, prosecute, and conduct all suits and ac« tions wh’ch might be necessary in and about effecting the The declaration then states the payment of thet 105 dollars, and thus assigns the breach, u that the said Joseph hath wholly neglected and refused to perform the said agreement on his part to the aforesaid Robert, according to the form and effect thereof, but the same to keep and perform, altogether hath refused, and hath refused to manage and conduct the suits and actions brought by and against the said Robert, for the purpose of determining and settling the disputes relative to the said lands, whereby the said Robert hath sustained great loss, and hath damage, &c.
The errors assigned, are to the declaration and charge of the Court—-the last count. Had this been demurred to, the general statement, that the defendant had not performed his agreement or promise, but refused to do so, would have been insufficient: for the breach of a special contract should be certain and express. Here the plaintiff ought to have set out the disputes and controversies specially, and that he had given notice of them to the defendant, and that he had refused to attend to them ; and as the object of the plaintiff was to go for special damages, for damages not necessarily resulting from the breach of the contract, he ought specially and circumstantially, in order to apprise the defendant of the facts intended to be proved, to have stated them, or he would not be permitted to give such damages in evidence on the trial. But the general verdict may have aided the defective breach; the insufficiency of the breach would be aided by the common láw intendment, for it is not to be presumed, that the Judge either would direct, or the jury would have given the verdict, without sufficient evidence of the breach of contract. 1 Chitty Plead. 332. 1 Saund. 228. Note. 10. N. P. Com. Dig. Tit. Plead. C. So of the notice; the omission of the averment of notice, when necessary, will be fatal on demurrer, or judgment by default, but may be aided by a verdict, unless in an action against the drawer of a bill, where the omission of the averment of notice of non payment by the acceptor is fatal, even after verdict. Miles v. O'Hara, 4 Binn. 108. Rushton v. Aspinall, Doug. 679. 1 Chitt. Plead. 322.
The opinion of the Court on the second count, for the *311 price of the land, that plaintiff below was estopped by his receipt on the conveyance, from shewing that in fact the purchase money had not been paid, .was erroneous. But as this was in favour of the plaintiff, he complains not on that ground ; yet this led to the subsequent errors of the Court, in their charge to the jury on the second and third counts. In the case of Jordan, v. Cooper 3 Serg. & Rawle, 564, this question was decided, that such receipt is not either by plea in bar as an estoppel, or in evidence to a jury, conclusive of the fact; that it is prima facie evidence, and that not of the most convincing kind ; it may be contradicted, and shewn that the money was never paid. Receipts for the purchase money in' conveyances, are often given, where* nothing may ha'’e been at the time paid, or the payment postponed ; and we all know that the considerations expressed in conveyances are frequently nominal. But it will be for the defendant in error to consider, when this cause goes back, whether it would not be prudent to alter that count, and instead of a general indebitatus assumpsit for lands sold, to lay the contract specially.
The Court, in their charge, put out of view this count, and gave their opinion on the second and third counts. It was in evidence, that Weigley had paid-at least, ninety-five, dollars on account of the land, and that he had executed conveyances to Weir of some other lands. If Weir went for the purchase money, it must be for the money received by Weigley, on the sale of this tract, and on the principle of rescinding the contract. But in order to enable him to recover in this form, it must be rescinded in toto, and the party put in statu quo. Here this was not done ; and. though it be true, that where some act is to be done by each party under a special agreement, and the defendant by his neglect, prevents the plaintiff from carrying the contract into execution, the plaintiff may recover back any money he had paid under it, as received to his use, yet in these cases if the plaintiff has received benefit in part, from the original contract, he should declare specially. This was the view taken of it, by the Court of Common Pleas ; for they state, if the second count can be supported at all, it must be on the ground of gross fraud, and dereliction of official duty. I cannot see how this could support the action for money had and received., *312 unless it be on the ground, that Weir had paid Weigley five hunc]reci dollars for official services to be performed, which is not pretended, and he had faitnlessly refused him the benegt j,jg servjces altogether. But the particular direction of the .Court to the jury, which is complained of, is this, that in the count on the written contract, they are instructed, that if they believe the plaintiff had been greatly imposed on by the defendant, and that the leading and particular consideration of the deed was, the aid of his professional services, and these had been refused, the verdict should be for the plaintiff, deducting the monies which were actually paid by him, or due to him by the plaintiff, with just allowance for actual services performed ; thus making the five hundred dollars the price of the land, the standard of damages, to be received on the special contract. Now on this third count, which seems to be the only one in which the jury were charged, the measure of damages could only be, the injury the plaintiff sustained by the defendant’s refusing to perform the written contract. That had no connection with the first count, which had been disposed of by the Court; and on the principles laid down by the Court, there could be no reference to the contract for the land; for the receipt, as they considered it, was conclusive evidence, that the consideration money, five hundred dollars, had been paid. This mistake in the first instance, led to all the subsequent error. In a special count on the contract for the sale of the land, if the defendants did not shew the consideration money paid in money, or by services performed under some agreement, or in mutual account, the plaintiff would in all justice be entitled to recover; for the true question would be, had Weigley in any way, paid the purchase money? The receipt in the conveyance is some evidence, but the slightest, and susceptible of contradiction. On the written contract of Weigley, the question would be, had he faithfully performed the services he stipulated to perform, and if he did not, what were the damages the plaintiff had sustained ? '
Judgment reversed, and a venire facias de novo awarded.