*521 The case was continued nisi for advisement, and in the vacation the Court ordered a nonsuit, on the ground that the paroi evidence was inadmissible.[1]

 See Steele v. Adams, 1 Greenl. 3; Dixon v. Swiggett, 1 Harr. & Johns. 252; Brocket v. Foscue, Ruffin, 64; Eveleth v. Crouch, 15 Mass. R. (Rand’s ed.) 309, note a; Powell v. Monson & Brimfield Manuf. Co. 3 Mason, 347.
But see Bowen v. Bell, 20 Johns R. 338; Whitbeck v. Whitbeck,9 Cowen, 266; Sinclair v. Jackson, 8 Cowen, 543; Hamilton v. M'Guire, 3 Serg. & Rawle, 355; Weigley v. Weir, 7 Serg. & Rawle, 309; Watson v. Blaine, 12 Serg. & Rawle, 131; Belden v. Seymour, 8 Connect. R. 304; Clark v. Brown, 1 Root, 77; Hannah v. Wadsworth, 1 Root, 458; Cone v. Tracy, 1 Root, 479; 1 Swift’s Dig. 121, 574; Morse v. Shattuck, 4 N. Hampsh. R. 229; Schillinger v M‘Cann, 6 Greenl. 364; Emmery v. Chase, 5 Greenl. 232; O‘Neal v. Lodge 3 Harr. & M'Hen. 433.