## Jones *against* Patterson.

In an action of ejectment by a vendor against one who purchased the land as the property of the vendee at sheriff's sale, the vendee is not a competent witness.

It is competent to give parol evidence to explain a written receipt, and show that it was given for a note and not for money.

ERROR to the Common Pleas of *Dauphin* county.

Alexander Patterson against Andrew J. Jones. This was an action of ejectment for a lot of ground, and was brought to compel the payment of the two last instalments mentioned in the following agreement:

Articles of agreement made and concluded upon this 17th day of September 1835, by and between Alexander Patterson, of Lancaster county, of the one part, and John Smull, of Harrisburg, of the other part, witnesseth that the said Alexander Patterson shall and will, on or before the first day of April next ensuing, well and sufficiently convey, clear of all encumbrances, to the said John Smull, his heirs or assigns, that certain lot situate in Swatara township, Dauphin county, adjoining lot of John Geiger, the river Susquehanna, George Mish, and the Pennsylvania canal, containing about nine acres. In consideration whereof, the said John Smull promises to pay the said Alexander Patterson, his heirs or assigns, the sum of $95 per acre, for each and every acre said lot shall contain, payable one-third on the delivery of the deed, April 1, 1836, and the remaining two-thirds in two equal annual payments, with interest, to wit: on April 1, 1837, and April 1, 1838, said payments to be secured by a mortgage on the property. Witness our hands and seals.

The defendant gave in evidence the record of the judgment, execution, and sale of the lot as the property of John Smull to him, and then read the following receipt:

" Received, May 5th 1837, of John Smull, two hundred and sixty-seven dollars and thirty-three cents, second payment on the within agreement.

" $267.33.                                   ALEX. PATTERSON."

To rebut this, the plaintiff called John Smull, the party to the agreement, and offered to prove by him that when the above receipt, 5th May 1837, for $267.33, was given, there was no money paid, but that said Smull gave his promissory note to the plaintiff, payable at the Pennsylvania Bank, and that the receipt was not to be credited

I.—41

to him as so much money paid on the contract, unless the note was paid in bank at maturity; which note was endorsed by Patterson. That the said note was not paid when due, nor since. That at the time of the sheriff's sale, Patterson gave notice of the amount of money which was due for the land; and that the two last payments are due and unpaid; and that Smull retained the article of agreement, with the receipt, until after the sheriff's sale; nor was the receipt shown to any one by Smull till after the sale, or made known; and to be followed with proof that the lot at the time of sale was worth from $1000 to $1500.

The defendant objected to this evidence and to the competency of the witness.

The court overruled the objections, and admitted the evidence; defendant's counsel excepted.

John Smull sworn. This receipt was placed on the article for a note given by me, payable by me at ninety days, to Mr Patterson, at the office of Discount and Deposit of the Pennsylvania Bank at Harrisburg. I never paid the note; it was agreed, when e receipt was given, that the receipt was not to be credited on the article, unless the note was paid at bank when due. This receipt remained in my hands at that time, and until after the sheriff's sale—the article with the receipt on it. The article went out of my hands a short time previous to the acknowledgment of the sheriff's deed. I gave it to Mr M'Clure, as my attorney; and when I gave him the article, I told him how the receipt was given. On the day of the sheriff's sale, I saw Mr Patterson at the sale. The land was sold subject to his notice, which he put up of the two gales due. The receipt was not known by the purchasers. Patterson gave notice at the sheriff's sale that the two last payments were due. The property was worth then $1500; it had been appraised before at $2000.

The jury, under the instruction of the court, found a verdict for the plaintiff to be released, upon the payment of $683.94, within five days.

Errors assigned:

1. The court erred in admitting John Smull as a witness, he being interested to put on the purchasers the payment of the note he had given to Alexander Patterson.

2. The court erred in admitting the evidence of John Smull to contradict the written receipt; said receipt of the 5th May 1837, for $267.33, the second payment, being a bar to Alexander Patterson's recovering against the purchaser at sheriff's sale, that payment; and in their charge to the jury.

*M'Clure*, for plaintiff in error, argued that the witness was clearly interested to produce such a verdict as would pay the note which he had given for the second instalment, and cited 2 *Stark. Ev.* 727; 4 *Binn.* 83; 5 *Serg. & Rawle* 371; 6 *Whart.* 445;

as between the parties to a receipt, it may be explained by parol evidence; but it was clearly unjust to permit the receipt to be explained to mean what would affect the intent of a third person, who bought at sheriff's sale upon the faith of it, and without notice of any explanation which could be made of it. 6 *Whart.* 354; 7 *Watts* 270.

*Herman Alricks*, for defendant in error. At the sheriff's sale, the plaintiff, Mr Patterson, gave notice of his claim, upon the agreement, of two instalments, thereby making his election to proceed against the land, and from it to collect the money. Smull was thereby discharged from his personal liability, and was disinterested in the result of the suit. 16 *Serg. & Rawle* 252. Smull's declarations that the money was not paid, would be evidence of the fact; why not then his testimony? 2 *Serg. & Rawle* 354; 4 *Serg. & Rawle* 474; 1 *Watts* 152; 3 *Yeates* 196; 9 *Watts* 392; 16 *Serg. & Rawle* 280.

The opinion of the Court was delivered by

SERGEANT, J.—This is an ejectment for a lot of ground, brought by Patterson against Jones, to enforce the payment of the balance, of the purchase money due on articles of agreement for the sale of the lot, made between Patterson, the former owner, and Smull. Jones the defendant holds under Smull, as purchaser at sheriff's sale. The plaintiff alleges that the two last instalments due under the articles were never paid, and claims their amount. He asserts that although Smull gave him his promissory note for the amount of the second instalment, $267.33, yet the note remains unpaid. The question on the trial seems to have been, whether the plaintiff was entitled to the second and third instalments or only the third. The defendant gave in evidence Patterson's receipt to Smull on the back of the articles for the second instalment. The plaintiff then offered Smull as a witness to show, that when this receipt was given no money was paid, but Smull gave his promissory note to Patterson, which it was agreed should be credited only when paid, and that the note never had been paid; and also, that at the sheriff's sale, Patterson gave notice of his claim to both instalments, and the defendant had no knowledge of the receipt endorsed. Smull was objected to by the defendant, as an incompetent witness, on the ground of interest, and the question is, whether Smull was admissible as a witness to prove these facts.

The effect of Smull's evidence is to subject the land to the payment of the disputed instalment, and to discharge himself from the payment of his note. Should the plaintiff fail in establishing his claim to the second instalment, and obtain from the defendant by means of a conditional verdict, only the third instalment, he could maintain his action against Smull on his note, and Smull

[Jones v. Patterson.]

could not resort to the defendant, the purchaser.    But should the plaintiff succeed here as to both instalments, the defendant would either be obliged to pay them on a conditional verdict, or the plaintiff would recover back again the lot, in which cases the instalments would be extinguished.    Smull, therefore, is directly interested in the event of this suit, to the amount of his note and interest thereon.

But it is said Smull is at all events discharged from his note, because the plaintiff, by giving notice at the sale, and averring that the purchaser took the land subject to both instalments, has elected to look to the land, and waived his resort to Smull.    I do not see how this effect could flow from the conduct of the plaintiff.    On the contrary, his omission to give notice might with more plausibility be contended to have this effect.    The plaintiff in giving notice did no more than it was right for him to do, for the safety of the purchaser.    A person having concurrent securities, one personal, the other binding land, does not waive the former by asserting his legal claim against the latter, unless satisfaction or something equivalent be obtained.    We are therefore of opinion that the court below erred in admitting Smull as a witness for the plaintiff.

There is nothing in the second error.    The receipt was but a part of the transaction, and receipts are open to explanation by parol evidence of what occurred at the time between the parties, and of the circumstances and conditions under which they were given.

Judgment reversed, and a *venire facias de novo* awarded.