# Dutton *versus* Tilden.

In an action to recover a sum of money paid for a promissory note, on which the indorsement was forged, brought by the purchaser of the same, against one, whose name was indorsed upon the note, and where the suit was brought upon a receipt, given by the defendant, acknowledging the receipt of the money, to recover which the action was brought; the *maker* of the note is a competent witness to contradict the receipt, and to shew that the money stated in the receipt was not in fact received by the *defendant*, but by the witness; and that the defendant had no interest in the transaction.

It is also competent for defendant to shew that he was requested by plaintiff to sign said receipt, as he was a broker, in order, in the view of the parties, to make legal the loan of money, at a higher rate than the legal rate of discount; and not with the view of his being liable.

Error to the District Court of *Philadelphia*.

This was an action by Tilden, to recover from Dutton, $175 and interest, being alledged to have been cash paid to Dutton, by Tilden, for a promissory note, on which the indorsement was a forgery.

On the trial, the plaintiff gave in evidence the note and protest. The note is as follows:

$300.　　　　　　　　　　　　WILMINGTON, March 1, 1848.

　　　　Four months after date, I promise to pay to the order of Benjamin Webb, three hundred dollars, without defalcation, for value received.

　　　　Payable at Bank Delaware.

　　　　　　　　　　Signed,　　NEWLIN PYLE,
　　　　　　　　　　Indorsed,　BENJAMIN WEBB,
　　　　　　　　　　　　　　　H. TILDEN,
　　　　　　　　　　　　　　　T. A. VANDYKE, JR.

Plaintiff also gave in evidence a receipt, as follows:

Received, Philadelphia, March 2, 1848, of H. Tilden, one hundred and seventy-five dollars in full, for Newlin Pyle's note, indorsed Benjamin Webb, for three hundred dollars, dated March 1, 1848, at four months, which I have sold this day to H. Tilden, for the $175 received above.

$175.　　　　　　　　　　　　　　　RICHARD R. DUTTON.

Plaintiff proved that the name Benjamin Webb, indorsed on the note was a forgery—which fact was admitted.

After plaintiff had closed, defendant's counsel offered the deposition of Pyle, the drawer of the note, he having been released by Dutton, from liability to him, and for the costs. His deposition

[Dutton *v.* Tilden.]

was to the effect, that being in want of money, he came to Phila-delphia, and being acquainted with Dutton, called on him to see if he could obtain some. That Dutton stated that he had not the money, but thought he could procure it. He introduced me to Tilden, from whom he obtained the amount he wished, $175.— That he gave to Tilden a note, purporting to be drawn by Benja-min Webb, for $300; disremembers the date and the time the note had to run. That he did not know that Tilden had any interest in the transaction—dont think he had; he merely introduced me; does not recollect whether any other name was on the note but his and Webb.

The note being shewn to the witness he identified it, &c.

The deposition was objected to, on the ground that witness was interested, and because he was a party to the note; and because the subject matter was not admissible, as it tended to contradict the written receipt of the defendant, above referred to.

The testimony of Carels was also offered by defendant, to prove that the defendant was requested by plaintiff to sign said receipt as a broker, in order to make legal the loan of money made at more than the legal rate of interest, which was also objected to on the same ground.

The court rejected the deposition and testimony—and defen-dant's counsel excepted.

The court instructed the jury to find for the plaintiff; to which defendant's counsel excepted.

The errors assigned, were:

The rejection of the deposition of Newlin Pyle, the maker of the note, and the testimony of Geo. Carels.

The case was argued by *Hirst* for plaintiff in error, who con-tended that parol evidence may be given of what passed at the time of the execution of any paper. He cited Cozens *vs.* Ste-venson, 5 *Serg. & Rawle* 424–5; Oliver *vs.* Oliver 4 *R.* 41; 10 *Serg. & Rawle* Miller *vs.* Henderson; Christ *vs.* Diffenbach, 1 *Serg. & Rawle,* 464; 1 *Watts & Serg.* 321, Jones *vs.* Patterson; 3 *Serg. & Rawle* 355, Hamilton *vs.* McGinnis; 16 *Serg. & Rawle* 345, 1 *Wharton* 303. That a receipt can be explained, 1 *Stephen's Nisi Prius* 331–2.

*Perkins* for defendant in error.—That Pyle was the maker of a negotiable note, which had been negotiated; he was offered to prove that it was not business paper; that it had not been nego-tiated; but that he was the holder and owner of the note in ques-tion, after it was indorsed. 3 *Watts & Serg.* 557, Davenport *vs.* Freeman. In an action by the holder against the indorser of a negotiable note, the maker is an incompetent witness, both on the

ground of interest and general policy.    He cited also 2 *Watts* 268, Gent *vs.* Espy; 6 *Serg & Rawle* 115, Hepburn *vs.* Cassel; 4 *Serg. & Rawle* 399, Baird *vs.* Cochran; 1 *do.* 183, Crowell *vs.* Arrott; 4 *Rawle* 311, Bank Penn.' *vs.* McCalmont; 8 *Watts* 309, Harris-burg Bank *vs.* Forster; 1 *Rawle* 196, Griffith *vs.* Reford; 5 *Wharton* 338, Jarden *vs.* Davis; 2 *do.* 50, Emerick *vs.* Harley.

The evidence offered was not admissible to contradict the paper of March 2, 1848, viz, the receipt.

*No fraud or mistake* is alledged in the offer; on the contrary, the offer states that the receipt was signed in order to make the transaction legal.    There was no pretence that Dutton did not understand what he was signing, nor any allegation that he was not to be bound by what he signed; on the contrary, the offer as-sumes that he signed the paper for the purpose of converting what might have been a loan of money, into the sale of a note.    He cited 4 *Rawle* 130, Bertsch *vs.* The Lehigh Coal & Nav. Co.; 10 *Serg. & Rawle* 339, Heagy *vs.* Umberger; Hain *vs.* Ralbach, 14 *Serg. & Rawle* 159; 6 *Wharton* 404, Seibert *vs.* Grew; 9 *Barr* 335, Sennett *vs.* Johnson.

The opinion of the court was delivered by

BELL, J.—Tilden, the plaintiff below, brought assumpsit against Dutton, to recover the sum of $175, alledged to have been paid to the latter, in purchase of a promissory note, drawn by one Pyle, and supposed to be indorsed by Webb, which indorsement turned out to be a forgery, and so the note proved to be worthless. To establish his case, the plaintiff gave in evidence the note, prov-ed the forgery, and then read Dutton's receipt, acknowledging to have received from Tilden $175 in full for the promissory note, "which I have sold this day to H. Tilden, for the $175 received above."    In reply, the defendant offered to prove by Pyle, the drawer, and by one Carels, that in truth, he had nothing to do with the transaction, further than to introduce Pyle to Tilden, be-tween whom, alone, the negotiation was conducted and concluded; that he had never received any portion of the money mentioned in the receipt, and had put his name to it, solely on Tilden's request to him to act as broker, upon the supposition that the interference of a third person would legalize a transaction otherwise *usurious.* This offer was objected to on the grounds that Pyle, the maker of the note, was interested; that as a party to the note, he could not impeach it; and that the testimony proposed to be drawn from him and Carels, tended to contradict the written receipt of the defendant.    The court entertaining these objections, rejected the evidence.

This conclusion of the learned Judge, before whom the cause was tried, is doubtless to be ascribed to the hurry of a trial in a court, where there is great press of business, sometimes precluding

[Dutton *v.* Tilden.]

much examination or reflection. It is probable that there, as here, the question was presented as one involving the point how far parol evidence is admissible to contradict a written contract; and the court was thus misled into a field of inquiry, which, in truth, has little or nothing to do with the point in dispute.

The alledged interest of Pyle, in the event of the action, was neither shown nor pressed in this court. The objection that he was a party to the note duly negotiated, and therefore could not be received to impeach it in the hands of a *bona fide* holder, is wholly inapplicable. The action was not upon the note, nor was the witness called to impeach it. This had already been done by the plaintiff, who averred its invalidity, as a part of his case, in fact being the ground work of his action, without which he could not have proceeded a step. The proposed testimony was of independent matter, leaving the note intact, so far as the witness was concerned. That he was therefore not precluded from testifying by the rule of Walton *vs.* Shelley, is amply shown by Gilpin *vs.* Howell, (5 *Barr* 52.)

The other objection is equally groundless. The witnesses were not offered to contradict or modify a written agreement, and had they been, it is by no means certain the proof would have been incompetent; since, if the defendant's allegations be true, the plaintiff was attempting to use the paper in fraud of the understanding of the parties to it, at the moment of its concoction; an attempt which, according to the cases, opens the door to parol proof. Parke *vs.* Chadwick, 8 *Watts & Serg.* 96; Renshaw *vs.* Gans, 7 *Barr* 117, Bank *vs.* Fordyce, 9 *Barr* 275.

But the offer was to contradict a written acknowledgment of receipt of money, not to question the sale of the note to plaintiff, or to invalidate a contract. Now it is well observed by Mr. GREEN-LEAF, that receipts may be mere acknowledgments of payment on delivery, or they may also contain a contract to do something in relation to the thing delivered. In the former case, and so far as the receipt goes only to acknowledge payment or delivery, it is merely *prima facie* evidence of the fact, and not conclusive; and therefore the fact it recites may be contradicted by oral testimony. 1 *Greenl. Ev.* § 305. The authorities collected by him show this position to be undoubted; and to these may be added our own cases of Hamilton *vs.* McGuire, 3 *Serg. & Rawle* 355; Jones *vs.* Patterson, 1 *Watts & Serg.* 321; and Bolton *vs.* Johns, 5 *Barr* 151. As the proposed evidence was competent, so also it was relevant, for the action being for money had and received, proof that nothing of value in fact passed between the parties, must have defeated it. It was, consequently, improperly excluded.

Judgment reversed and *venire de novo* awarded.