## Harger *versus* Thomas.

*Admissibility, in a civil Action, of Record of conviction in Quarter Sessions, as a ground for the introduction of the Testimony of deceased Witnesses who had then been examined.*

The record of a prosecution and conviction of the payee of a sealed note for forging it, is not admissible, in a civil action on the note in the courts of another county, for the purpose of laying a foundation for introducing the testimony of the subscribing witnesses who were examined on the trial of the indictment, but had since died, if the testimony of the witnesses is inadmissible.

ERROR to the District Court of *Allegheny county*.

This was an action of debt by George Harger against Leverton Thomas, brought to November Term 1860. The plaintiff declared on a note under seal, dated August 31st 1854, for $1100, payable three years after date, without defalcation or stay of execution, signed by Leverton Thomas, and attested by Andrew Borland and George Passmore, and filed a copy of the note and an affidavit.

On the trial the plaintiff proved the fact of the death of the attesting witnesses, and the genuineness of their signatures, then offered the note in evidence, read it to the jury, and rested.

The defendant offered in evidence an exemplification of the record of the Court of Quarter Sessions of Washington county, in the case of The Commonwealth *v.* George Harger, No. 15, May Sessions 1857, being an indictment for the forgery of the identical note in suit in this case, with the conviction and sentence of the defendant thereon, as being,

1. As conclusive in this case, and a complete and absolute bar to the action.

2. Conclusive evidence that the note in suit is a forgery.

3. To show that George Passmore and Andrew Borland, the subscribing witnesses of the alleged note, were sworn and examined on the trial, and,

4. To be followed by evidence showing what was testified by the subscribing witnesses, and by other witnesses who have since died or removed out of the state. To which offer the plaintiff objected, on the ground that the record was irrelevant, and inadmissible for any purpose.

The learned court, under protest of plaintiff, admitted the record under a part of the defendant's fourth or last offer. The defendant, with leave of court, then called Alexander Wilson, Esq., prosecuting attorney of Washington county, and who was so at the time of the trial and conviction of the defendant, George Harger. He also called Adam Ecker, Esq., at the same time a publisher of a newspaper called the Washington Examiner, who testified that they had taken notes of all the testimony, the

[Harger *v.* Thomas.]

one for his own use as counsel, and the other as publisher for his newspaper. They exhibited and identified their "notes of testimony" in the forgery case, the one by Mr. Wilson, in manuscript, and the other by Mr. Ecker, in his weekly newspaper, bearing date September 10th 1857.

In the still further prosecution and conduct of the defence, defendant offered the "published notes of the testimony of Andrew Borland (one of the subscribing witnesses), as taken by Adam Ecker, and identified by him in the case of The Commonwealth *v.* Harger," on the trial for forgery of George Harger in Washington county. This evidence, under protest of plaintiff, was admitted and submitted to the jury. The defendant then offered notes of testimony of Alexander Wilson, Esq., to prove what David Munn, another of the Commonwealth's witnesses, had said on the trial of the forgery case in Washington county, in which George Harger was defendant, and Leverton Thomas was prosecutor. His evidence, under protest of plaintiff, was also admitted and submitted to the jury by the learned court.

On the trial of the cause below, numerous exceptions to the ruling of the learned court were taken by plaintiff, but the objections made, and exceptions allowed as above mentioned, constituted the chief and only error relied on by the plaintiff.

Under the ruling of the court below, there was a verdict and judgment for defendant; whereupon the plaintiff sued out this writ, and assigned for error the admission of the testimony above mentioned.

*Kirkpatrick & Mellon,* for plaintiff in error.

*James H. Hopkins,* for defendant in error.

The opinion of the court was delivered, January 22d 1863, by

THOMPSON, J.—There is in reality but one question presented on this record, although there are several specifications of error; and that is, whether the record of a prosecution and conviction of the plaintiff in error for forgery in Washington county, was evidence for the purpose for which it was received by the court below?

It was offered on the trial as conclusive on the question of the forgery of the note in suit, but was properly overruled as not admissible for that purpose. It was then offered for the purpose of laying a foundation for introducing the testimony of witnesses, examined by the Commonwealth on that trial to prove the forgery, and who have since died. No doubt it was evidence for that purpose, if the testimony proposed of the deceased witnesses was proper to be given on this issue, but that is the difficulty. I do not think it was. The common law rule is that

8 WR.—9

[Harger *v.* Thomas.]

the record of a judgment may be evidence by way of induce-
ment, or to establish the fact of .its own existence, although not
between the same parties. " Thus the record of a conviction,"
says Greenleaf, § 527, "may be shown to let in proof of what
was sworn at the trial. So in prosecutions for perjury, the
record of the case in which the false swearing is alleged is always
evidence." But as this record was offered only by way of induce-
ment, to be followed by the testimony taken on the trial of the
indictment, it was not evidence unless that testimony was pro-
perly evidence.

The rule on this point is thus stated by Mr. Justice Yeates, in
Miles *v.* O'Hara, 4 Binn. 108, where he says, "It is a settled
rule of law, that what a witness has sworn on a former trial,
between the *same* parties for the same *cause of action*, may be
given in evidence in case of his death." Phillips's Ev., vol. 1, p.
337, 3d. Am. ed., is to the same effect, but the rule is a little more
exactly stated. It is thus: "Where the witness has been ex-
amined on the trial of a *former action* between the same parties,
where the point in issue was the same in the second trial," there
his testimony may be proved if deceased. Hill & Cowan, in notes
205, 206, and 207, to this volume, cite many cases in proof of
the rule, and also of the modifications of it, growing out of a
difference in the number of the parties in the first and second
trials.

Our Act of 1827, relating to depositions, is very analogous in
principle to the common law rule in the case of deceased wit-
nesses. We have often held that on a second trial they are only
evidence between the same parties or privies as in the first, and
where the subject-matter in controversy is the same, or the same
in part.

A criminal prosecution, although instituted by an individual,
is not in any sense an action between the person instituting it
and the prisoner. It is not an action at all. That is defined to
be "the legal demand of one's rights, or the form given by law
for the recovery of that which is due:" Bouvier's Law Dict.
A criminal prosecution is also defined to "be a prosecution in a
court of justice, in the name of the government, against one or
more individuals accused of a crime:" 1 Ch. Crim. Law. The
issue is between the government and the prisoner on a question
of the guilt or innocence of the latter. It is not a question of
property. Very different is the issue, as also the parties in a
civil suit to recover on the forged instrument. There the de-
fendant is clear of the obligation, let the forgery be by whom it
may, and the guilt or innocence of the plaintiff is not necessa-
rily involved.

If Harger had been acquitted on the trial of the indictment
in Washington county, it would hardly have entered into the
imagination of any one that the record would have been evidence

[Harger v. Thomas.]

in the case between him and the defendants, or that the testimony of deceased witnesses, examined then in his favour, would have been evidence in this case. And why? .Simply because Thomas was no party to the record, and the issue was not between them. This is but another point from which to look at the question, and from any point it is evident that the record was not evidence, because the testimony by which it was to be followed could not legally be given.

We are of the opinion, for these reasons, that the learned judge of the District Court erred in admitting it, and also the testimony of the deceased and absent witnesses.

Judgment reversed, and *venire de novo* awarded.