## Borlin et al. *versus* Highberger.

1. Under the Act of April 15th, 1834, § 74 (Purd. Dig. 1307). which makes it the duty of the recorder of deeds " to certify the recognizance " of a sheriff or coroner to the prothonotary of the court of Common Pleas, a certification by such recorder to the prothonotary of a certified copy, instead of the original, of a sheriff's official recognizance, is a compliance with the Act.

2. Where a præcipe commanded the prothonotary to issue a scire facias upon the official recognizance of a sheriff, and the writ, as issued, incorrectly recited the recovery of a judgment on such recognizance, and the plea of nul tiel record was filed: *Held*, that it was not error to permit, upon the trial, the amendment of the writ by the præcipe and record and then to enter judgment for the plaintiff on the plea of nul tiel record.

3.˙ Parol testimony is admissible to explain written receipts, and where a prothonotary of the court of Common Pleas entered such receipts for fees due him upon the dockets of said court: *Held*, that even after his term of office had expired his parol testimony was admissible to explain said receipts.

October 2nd 1883.   Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ., PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Westmoreland county :*   Of October and November Term 1883, No. 29.

Scire facias by the Commonwealth of Pennsylvania, at the instance of John H. Highberger, who is suggested as plaintiff, against James Borlin, William Brisbine, et al., upon a recog-

[Borlin *v.* Highberger.]

nizance in the penal sum of $25,000, given to insure the faithful execution by said Borlin of his official duties as Sheriff of Westmoreland county, upon which recognizance Brisbine et al. were sureties. A certified copy of this recognizance was filed by the recorder of deeds of said county, in the office of the prothonotary.

The facts were as follows: During the years 1878 and 1879, Borlin and Highberger occupied the positions of sheriff and prothonotary of Westmoreland county respectively. In the course of their official duties, each received certain fees due to the other. Several attempts were made to adjust these accounts, but a settlement was never consummated. Highberger, believing that a balance of over $1,000 remained due to him on said account, after deducting every credit due to Borlin, filed a praecipe instructing the prothonotary of Westmoreland county, to "issue scire facias sur recognizance" against James Borlin, assigning as a breach, the failure of Borlin to pay the said amount ($1,234.77). The writ incorrectly recited the recovery of a judgment against Borlin et al. on said recognizance, but this was a clerical error, as the scire facias in fact issued upon a certified copy of the recognizance duly filed in the office of the prothonotary.

The defendants pleaded nul tiel record, nil debet, and payment with leave, &c.

On the trial, before HUNTER, P. J., the plaintiff moved to amend the writ so as to make it conform to the præcipe and record. Objected to; objection overruled, and amendment allowed. Exception.

The court then entered judgment for the plaintiff upon the plea of nul tiel record, and directed the trial to proceed. Exception. (First assignment of error.)

The plaintiff offered in evidence the record of No. 331, February Term 1878, of the Common Pleas of Westmoreland county, being a certified copy of the official recognizance of the defendants. Objected to, inter alia, because under the Act of April 15th 1834, § 74 (Purd. 1307), a certified copy of the recognizance is insufficient to support a scire facias. Objection overruled and record admitted. Exception.

It further appeared that Highberger had receipted on the dockets for the amounts so claimed to be due him. To explain these receipts, he offered to testify that they were placed by him on the dockets in the course of an attempted settlement, without the payment of any money, and as a matter of convenience. That, as the amounts due him were called out, he receipted therefor, in anticipation that the settlement would be ultimately concluded, and with the understanding that when the balance was struck, the amount adjudged to be due him

[Borlin v. Highberger.]

would be paid. Objected to, as a parol contradiction of the record by one whose term of office had expired. Objection overruled and evidence admitted. Exception. (Third assignment of error.)

The court charged the jury that the recognizance was duly filed in the office of the prothonotary, and left it to them to determine from the testimony the amount, if any, due to· the plaintiff.

Verdict for the plaintiff for $1,196.49, and judgment thereon. The defendants took this writ of error, assigning as error the judgment on the plea of nul tiel record for the plaintiff, the admission of Highberger's testimony, and the instruction of the court that the recognizance had been duly filed.

*Jacob Turney* (with him *Silas A. Kline* and *H. Byers Kuhns*), for the plaintiffs in error.—The record at No. 331, Feb. T. 1878, which was offered to support the plaintiff's action, purported to be a certified copy of the recognizance of the sheriff of Westmoreland county. This was not sufficient upon which to found the judgment upon which the sci. fa. issued. The Act of Assembly of 15th April 1834, § 74, provides that the recorder of deeds shall " certify the recognizance taken by him to the prothonary," who files it in his office and enters judgment upon it, when it becomes a lien. The recognizance thus becomes a part of the roll of the court of record : Dunn v. Commonwealth, 14 S. & R. 433.

The prothonotary, having of his own volition, and without any fraud being practiced upon him, placed his receipts for the sums claimed to be due him, upon the record, he cannot, after his official duties have determined, contradict the records of the court by parol testimony. To permit him to do so would be to open a wide door to fraud, and is clearly against public policy.

*Head* (*Morehead* and *Sloan* with him), for the defendant in error.

The opinion of the court was filed October 15th 1883.

PER CURIAM.—As the record was amended, this scire facias was on the recognizance, and not on the judgment. It is true the 74th section of the Act of 15th April 1834, authorizes the recorder of deeds to certify the recognizance of the sheriff, taken by him, to the prothonotary. This is for the purpose of creating a lien on real estate, and thereby increasing the security of all persons interested in the proper discharge of the sheriff's duties. Non constat, that those who entered into the recognizance would not be liable without such certificate. We think

8 OUTERBRIDGE.—10

however that the filing in the prothonotary's office of a duly certified copy of the recognizance is a compliance with the meaning of the statute. The receipts were not conclusive. Parol evidence was properly received to explain the circumstances under which they were executed.

Judgment affirmed.