## Forney et al., Receivers, v. Lipp.

*Receipt in full—Conclusiveness of.*

Where an affidavit of defense alleges a receipt in full given by the plaintiff, this is sufficient to prevent judgment, though not conclusive, and judgment should not be entered on a rule, as the circumstances under which the receipt was given should be fully explained on the trial of the case.

Rule for judgment for want of a sufficient affidavit of defense. C. P. Lancaster Co., Feb. T., 1927, No. 19.

*Charles W. Eaby*, for plaintiff and rule; *W. Hensel Brown*, for defendant.

LANDIS, P. J., Sept. 24, 1927.—The plaintiff's statement alleges that the defendant was in the employ of the plaintiff company as manager from July 11, 1925, to May 27, 1926, and that the books of the company show that he is indebted to it in the sum of $5183.70. A copy of the account with that result is attached thereto. The affidavit of defense avers that in the month of August, 1926, these receivers, upon the receipt of $1043.43, executed a release in full for a certain claim due and owing the company by the defendant, and in the same did acknowledge that they had no other claim against him. It may be that a mistake was made by the receivers in giving the receipt in full as they did give it, and, if so, they have a right by proper proof to show the true facts, or that they were misled into signing the same, but in the face of that receipt, and without full explanation, we do not see how we can now enter a summary judgment. The receipt is *prima facie* evidence of payment, but not conclusive, and, on a trial, parol evidence can be offered to explain or contradict it, and to show that while it was given for one purpose, the attempt is being made to use it for another, which would amount to fraud. See Dutton v. Tilden, 13 Pa. 46; Batdorf v. Albert, 59 Pa. 59; Borlin v. Highberger, 104 Pa. 143. In Guhl v. Frank, 22 Pa. Superior Ct. 531, it was said: "A receipt for money is *prima facie* evidence of payment, but is not conclusive and is subject to explanation. When a receipt in full represents the balance found to be due upon an account stated between the parties, involving mutual dealings covering a long period of time, it should only be set aside for weighty reasons. Fraud, accident or mistake would be sufficient to avoid such an instrument, but in such a case the cause of avoidance should clearly appear."

I am, therefore, of the opinion that under the present circumstances the rule for judgment should at this time be discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.