623 A.2d 407

Delores MILES, Administratrix of the Estate
of Lula Goodman, Deceased, Appellant,

v.

John SWEENEY and City of Philadelphia, Appellees.

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1993.

Decided March 11, 1993.

Delia A. Clark, for appellant.

Alan C. Ostrow, Asst. City Sol., for appellees.

Before DOYLE and COLINS, JJ., and WRIGHT, Senior Judge.

COLINS, Judge.

Delores Miles (Miles), as Administratrix of the Estate of Lula Goodman (decedent), appeals from an August 6, 1991 order of the Court of Common Pleas of Philadelphia County (Common Pleas) granting summary judgment for the defendants, John Sweeney (Sweeney) and the City of Philadelphia (City), and against Miles, the plaintiff.

This appeal stems from a wrongful death action brought by Miles against Sweeney and the City. Miles alleges that Sweeney, a Philadelphia police officer, and the City denied the decedent medical assistance on the night of August 14, 1984, causing her death the following morning.

In support of her appeal, Miles avers the following facts. On August 14, 1984, decedent was stabbed with a knife by her nephew, Lindsay Robinson (Robinson), who fled immediately after the stabbing. The City police and a rescue squad were dispatched to the decedent's residence. The police arrived before the rescue squad. Officer Sweeney entered the decedent's residence, spoke with witnesses who had seen the stabbing, and then left the residence without rendering medical assistance to the decedent. After Sweeney left the residence, the rescue squad arrived. Sweeney informed the rescue squad that there were no injuries and did not arrange to have decedent taken to the hospital. The rescue squad left without rendering any medical assistance to decedent. On the morning of August 15, 1984, decedent died of the stab wound.

The police apprehended Robinson, and criminal charges were filed against him. At Robinson's criminal trial, William

Wilson (Wilson), now deceased, testified for the prosecution that he witnessed the stabbing and the subsequent arrival of the police officers.[1] Wilson testified about the events leading up to the stabbing, about the stabbing itself, and about the events following the stabbing, which included the arrival of the police officers and their actions while they were at decedent's residence.

In May of 1986, Miles filed suit against Sweeney and the City, alleging that their failure to either render medical assistance to decedent or arrange to transport her to a hospital constituted negligence, and that such negligence increased the risk that decedent would die of her wound. Before the trial began, the defendants (Sweeney and the City) moved for summary judgment on the basis of sovereign immunity. The defendants also moved in limine to preclude introduction of the transcript of the testimony that Wilson gave at Robinson's criminal trial. The defendants asserted that Wilson's prior testimony was inadmissible hearsay evidence.

The Honorable Nelson Diaz (Judge Diaz) of Common Pleas denied the defendants' motion for summary judgment but granted the defendants' motion in limine and excluded the prior testimony by Wilson from *Commonwealth v. Robinson.* After Miles' counsel conceded that without Wilson's prior testimony Miles could not establish liability, Judge Diaz entered an order granting summary judgment for the defendants and against Miles. Miles now appeals to this Court for review of Common Pleas' order.

■ Our scope of review of a common pleas court's decision is limited to a determination of whether constitutional rights have been violated or whether the common pleas court abused its discretion or committed errors of law. *Mann v. City of*

1. Wilson was the only eyewitness to testify at Robinson's trial. Miles alleges that two other persons, Annie Smith and Catherine Gilliard, witnessed the stabbing and the arrival of the police but did not testify at Robinson's trial. Both Smith and Gilliard are also deceased, however, leaving Wilson's testimony at Robinson's criminal trial as the only eyewitness evidence of police conduct at the scene of the stabbing. Miles concedes that without Wilson's prior testimony, she will be unable to prove her case against the City.

*Philadelphia,* 128 Pa.Commonwealth Ct. 499, 563 A.2d 1284 (1989), *petition for allowance of appeal denied,* 525 Pa. 622, 577 A.2d 892 (1990).

Miles' sole argument on appeal is that Common Pleas committed an error of law when it excluded Wilson's prior testimony. Miles asserts that Wilson's prior testimony is admissible under Section 5934 of the Judicial Code, 42 Pa.C.S. § 5934, as an exception to the hearsay rule.[2] Section 5934 provides in pertinent part:

> Whenever any person has been examined as a witness in any civil matter before any tribunal of this Commonwealth or conducted by virtue of its order or direction, if such witness afterwards dies, ... and if the party, against whom notes of the testimony of such witness are offered, had actual or constructive notice of the examination and an opportunity to be present and examine or cross-examine, properly proven notes of the examination of such witness shall be competent evidence in any civil issue which may exist at the time of his examination, or which may be afterwards formed between the same parties and involving the same subject-matter as that upon which such witness was so examined.

 The wording of Section 5934 contradicts Miles' argument. In the present case, the issue is whether prior testimony from a *criminal* trial is admissible as evidence in a civil trial. Section 5934 only allows, under certain conditions, the admission of prior testimony from a *civil* matter as evidence in another civil matter. Clearly, Section 5934 is inapplicable to the present matter.

 Pennsylvania statutory law does not provide a rule for the admissibility of evidence when a party is attempting to

2. The hearsay rule provides that hearsay evidence is presumptively inadmissible and that such evidence will only be admissible if the proponent can point to an exception to the hearsay rule which would justify a court's deviation from the principle that no party should be deprived of the guarantee of truthfulness that results from the oath of the declarant and the opportunity to cross-examine the declarant in order to test the accuracy of the declarant's observations. *Carney v. Pennsylvania Railroad Company,* 428 Pa. 489, 240 A.2d 71 (1968).

submit prior testimony from a criminal trial as evidence in a civil trial. Therefore, we must examine how the common law treats hearsay with regard to the admissibility of prior recorded testimony.

This issue, whether prior testimony from a criminal case is admissible in a civil case, is one that is rarely addressed in Pennsylvania case law. *Harger v. Thomas*, 44 Pa. 128 (1862) is the case that is most similar factually to the instant case. In *Harger*, our Supreme Court held that the prior testimony of a witness at a criminal trial for forgery, who had since died, was not admissible at a civil trial between the former criminal defendant and another party that involved payment of a debt note, because the two cases did not involve the same parties and the same subject matter. The Supreme Court, in *Harger*, stated that the common law rule regarding the prior testimony of deceased witnesses is that, in a second trial, the prior testimony is "only evidence between the same parties or privies as in the first, and where the subject-matter in controversy is the same...." *Id.* at 130.

In the instant matter, Wilson's prior testimony did not involve the same parties or the same subject matter. The parties in the previous criminal trial were the Commonwealth of Pennsylvania and the defendant Robinson. The parties in the instant matter are Miles, as a representative of decedent's estate; Sweeney, an individual police officer; and the City of Philadelphia, which is a municipal corporation within the Commonwealth. Miles argues that the City and the Commonwealth are one and the same, but the City and the Commonwealth are alike only in that they are both governmental entities. Their interests as parties in the two respective cases are plainly divergent.

During Robinson's criminal trial, the Commonwealth's sole interest was in securing the criminal conviction of Robinson for the act of stabbing the decedent. At the criminal proceeding, the Commonwealth had no motive to defend the conduct of the Philadelphia police, because to do so, the Commonwealth would have diminished the credibility of Wilson, who was a witness for the prosecution. Only the City had an

interest in defending the conduct of Sweeney and other City personnel in order to shield the City from liability, but the City had no opportunity to examine or cross-examine witnesses at Robinson's criminal trial.

Moreover, the subject matter of the instant case is not the same as the subject matter of the prior criminal case. The subject of the prior criminal trial involved the actions of Robinson on August 14, 1990, the night the decedent was stabbed. The present matter involves the conduct of Officer Sweeney and other City personnel on the night of August 14, 1990. The legal issues in the prior criminal matter are very different from, and irrelevant to, the instant civil matter.

The differences in the parties and in the subject matter between the prior criminal proceeding and the present civil proceeding, preclude a finding that Wilson's testimony falls within an exception to the general rule that hearsay evidence is inadmissible. Judge Diaz correctly excluded the prior testimony of Wilson from the present matter.

Accordingly, based on the foregoing discussion, the order of Common Pleas is affirmed.

## ORDER

AND NOW, this 11th day of March, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.