## Wilkinson *versus* Ferree.

1. In the case of a sale of fixtures in a store to which the vendor had no title, for a price much beyond their value, where the suit was *in disaffirmance* of the contract, the measure of damages was the sum paid for them and was not limited to their real value.

2. Where the action was not on the contract, but the defect of title was given in evidence by the vendee by way of set-off, and there was nothing on the record to show an election by the vendee to stand upon the contract or to rescind it, it is to be presumed that the latter acted in consistency with his interest and determined to rescind the contract.

ERROR to the District Court, *Philadelphia*.

George Ferree brought suit to recover $300 and interest, for *rent* claimed as due him by Wilkinson. The latter claimed a set-off, to the amount of $250, being one-half the sum at which Ferree had sold to him the fixtures and the good-will of a store. These had been sold for $500, which Wilkinson had paid. On his part testimony was offered to show that the title of Ferree to one-half of the fixtures had failed. On Ferree's part witnesses were examined, who testified that the fixtures were in fact worth only from $15 to $25.

[Wilkinson v. Ferree.]

The judge below instructed the jury that, if they found that the title to the part of the fixtures had failed, then they should allow as an off-set against Ferree's claim the real value of the articles as fixed by the testimony, and not *the price paid* by Wilkinson to Ferree; that the price so paid was not conclusive. To this instruction exception was taken: and it was assigned for error.

The jury found for plaintiff $300, allowing but $18 for the fixtures.

*Guillou*, for plaintiff in error.—The measure of damages was not the value of the articles at the time of the sale, but the price set upon them by the parties and actually paid by the vendee. A party selling, as his own, personal property of which he is in possession, warrants *the title;* and if, by reason of defect of title, nothing passes, the purchaser may recover back his money, though there be no fraud or warranty on the part of the vendor: 8 *W. & Ser.* 361, *per* SERGEANT, J., in Charnley v. Dulles. The claim of set-off was not in the nature of an action for breach of contract, but for money had and received. The money may be recovered back, the party electing to consider the contract at an end: 5 *W. & Ser.* 106, ROGERS, J., in Smethhurst v. Woolston.

*Porter*, for defendant in error.—It was submitted as improbable that the defendant paid for the fixtures much more than they were worth. But it not being alleged that the plaintiff warranted the value of the fixtures, or made any fraudulent representation with respect to them, if the title failed as to part of them, the measure of damages was their real value. The price paid was not conclusive evidence of the damage suffered: 1 *Smith's Leading Cases* 77 (43 *Law Lib.* 145), and notes; 4 *Hill* 625; 10 *Barbour* 211; 5 *W. & Ser.* 106; 2 *Starkie on Ev.* 1243; 5 *Cowen* 152; 1 *Porter* 273; 3 *Rawle* 44.

The opinion of the Court was delivered by

BLACK, J.—One of these parties sold the other certain fixtures in a store for a price much beyond their real value. The vendor had no title whatever to the things sold, and the vendee seeks to be indemnified for his loss. The question is, whether he can recover back the sum which he paid for the fixtures, or whether his measure of damages must be restricted to their actual value.

When suit is brought on a contract and in affirmance of it, the verdict should make the plaintiff whole; that is, put him in as good a condition as if the contract had been performed. He cannot swell his damages by proving that the bargain he sues on was a bad one. When he deals in *morus multicaulis* trees, as in Smethhurst v. Woolston (5 *W. & Ser.* 109), and takes the guarantee

[Wilkinson v. Ferree.]

of a third person for their delivery at a subsequent day, and the price falls in the mean time, he can recover for a breach of the guarantee no more than the value of the trees when they should have been delivered; for the guarantor bound himself to indemnify the purchaser only against a violation of the contract, and not to save him harmless from the consequences of an absurd speculation. So on a contract to deliver wheat at a future time, the measure of damages for its violation by the vendor is the price of the wheat, or its value to the vendee, not at the date of the contract, but at the time fixed for delivery. · If the market rises the vendee has the benefit of it, and if it sinks he must take the loss (1 *Dyer* 82). When the quality of an article is warranted by the seller, and turns out to be inferior, the purchaser may demand the difference between the value of the article as it is, and as it was warranted to be (4 *Hill* 625). The vendor of a lame horse warrants him sound. In an action on the warranty the inquiry is, what was the actual value of such a horse supposing him sound, and how much is that value diminished by the defect? The vendor is entitled to the price because he bargained for it fairly, and the vendee is entitled to a sound horse, or its full equivalent, for the same reason. The consideration upon which the warranty is based may be more or less than what a sharp trader would agree to take, but this neither increases nor diminishes the obligation to make the warranty good. In either case the vendee is entitled to as much money as, when added to a lame horse, will equal the actual value of a sound one.

But all these rules apply only to cases where the suit is brought on the contract. When the party injured has a right to treat it as rescinded and sue in disaffirmance of it, he may recover back his purchase-money, or so much of it as he has paid. This distinction is not only recognised, but strongly laid down, and earnestly insisted on in Smethurst v. Woolston, and it is so obviously well founded in reason that it needs no illustration. It is not necessary now to classify or enumerate the cases in which a purchaser may elect to sue on the contract, or to disaffirm it by an action for the purchase-money. But the plainest of all cases for the rescission of a contract, is the sale of an article which the vendor did not own, and had no right to sell. When the purchase-money paid on such a contract is demanded back the vendor cannot say to the injured party, "It is true I sold you what was not mine to sell, but I sold it at a price twenty-fold greater than it was worth, and I claim to keep the difference as a reward for my ingenuity." In Charnley v. Dulles (8 *W. & Ser.* 361), it is broadly held that the purchaser of a chattel who gets no title may recover back his money without proving either fraud or express warranty. This of course is to be understood as of a case in which the suit is in disaffirmance of the contract. In the

[Williamson v. Ferree.]

present case the claim was made by way of set-off, and there is nothing on the record which shows the defendant to have made an election to stand upon the contract. In the absence of evidence to the contrary, we must presume that he has chosen to do what is most consistent with his interests, and with the demand he makes against the plaintiff, namely, to rescind the contract. Having done this, he has a right to the purchase-money without reference to the value of the articles which he once agreed to take in place of it.

It is proper to add that what I have said is based on that state of the facts which the bill of exceptions presents. I do not mean to say what the verdict ought to be, but merely that the judge misinstructed the jury, when he confined them to the value of the articles, in estimating what the defendant should be allowed for the fixtures which he alleges that he bought, but never got.

Judgment reversed and *venire facias de novo* awarded.