## Batdorf *versus* Albert.

59   59
191  201!

1. There is a distinction as to oral testimony, between solemn contracts *inter partes* in writing executed and delivered, and receipts, the acknowledgment of one party only.

2. Receipts, when mere acknowledgments of delivery or payment, are but prima facie evidence of the facts, and not conclusive: the facts may be contradicted by oral testimony.

3. Law, in our equitable administration of it, is as efficient to prevent the fraudulent use of an instrument as equity is to restrain.

May 18th 1868.   Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.   STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Lebanon county* : Of May Term 1868, No. 55.

This was an action of assumpsit to April Term 1866, by John Albert, Jr., against Zacharias Batdorf.

On the trial, before Pearson, P. J., A. M. Seltzer, for plaintiff, testified, that in 1854 the plaintiff and defendant settled their accounts in his presence; the settlement resulted in a balance in favor of the plaintiff of from $3700 to $3900. It was agreed that $1500, being about 40 per cent. of the amount, should be paid by a note from the defendant to witness, who was a creditor of the plaintiff, and that the balance beyond 40 per cent. should be paid when Batdorf was able. Amongst the items making up the indebtedness was a note from the defendant to Flickinger & Eshelman, endorsed by the plaintiff, which he said he had paid, but which was not then produced. There was other evidence of the indebtedness of the defendant to the plaintiff, and also of the defendant's ability to pay.

The defendant then gave in evidence this receipt:—

"Received, February the 8th 1854, from Zacharias Batdorf, the sum of two hundred and sixty dollars, for payment in full for a certain note which Flickinger & Eshelman held against the said Z. Batdorf, on which I, John Albert, Jr., was bail, I having paid said note in full to them, they alleging that said note is lost or mislaid ; now this is a receipt in full of all demands against said note, as well as any other demand I have or did have up to this date.

JOHN ALBERT, JR."

The plaintiff, in rebuttal, proposed to prove that the receipt was taken because the note stated in it was outstanding and supposed to be lost; and but for that note not being there, the receipt would not have been called for or required. The offer was objected to, admitted and a bill of exceptions sealed.

The witness, Seltzer, said: "I drew and witnessed the receipt. The receipt would not have been drawn if papers all there ; to

cover the note named in receipt, Flickinger & Eshelman, which Albert said he had paid, and the note lost, and the note for a little over $100 paid to himself, which was not there; the other notes were all given up to Batdorf at the time except those two papers."

The plaintiff offered to prove further that the words in the receipt, to wit: "now this is a receipt in full of all demands against said note, as well as of any other demands I have or did have up to the date," were inserted by Batdorf's direction; that plaintiff objected to signing the receipt because of these words, and that the witness, who was the scrivener, then told him, in the presence of Batdorf, that the receipt would not stand in the way of his recovering on the promise; that Batdorf assented to the explanation, and the plaintiff thereupon executed and delivered the receipt. The offer was objected to, admitted and a bill of exceptions sealed. The witness said: "When the receipt was read, Albert objected to signing it; objected to giving a receipt in full; I said it would make no difference to him; the promise was that Batdorf would pay him at a future day; he ultimately concluded to sign it; it was all done at the time of the contract; Batdorf was present and assented."

The verdict was for the plaintiff for $4129.50.

The defendant took a writ of error and assigned for error the admission of the evidence objected to.

*A. R. Boughtor* and *J. C. Kunkel,* for plaintiff in error.— The evidence was objectionable as varying a written instrument and as being the opinion of the witness as to what the contract meant: Fisher *v.* Deibert, 4 P. F. Smith 460; Fox *v.* Foster, 4 Barr 119; Cummings *v.* Antes, 7 Harris 287; Heebner *v.* Worrall, 2 Wright 376; Kennedy *v.* Plank Road Co., 1 Casey 225; Hill *v.* Gaw, 4 Barr 493; Harbold *v.* Kuster, 8 Wright 392; Lloyd *v.* Farrell, 12 Id. 73; Anspach *v.* Bast, 2 P. F. Smith 359; Fleming *v.* Gilbert, 3 Johns. R. 528; Keating *v.* Price, 1 Johns. Cas. 22; Fulton *v.* Hood, 10 Casey 365; Seitzinger *v.* Ridgway, 4 W. & S. 472; Stub *v.* Stub, 3 Barr 251; Bertsch *v.* Lehigh Coal and Nav. Co., 4 Rawle 130; Beeson *v.* Hutchison, 4 Watts 442; Snyder *v.* Snyder, 6 Binn. 483.

*J. Funck,* for defendant in error, cited 1 Greenl. on Ev., §§ 275, 277, 305; Lehigh Coal and Nav. Co. *v.* Harlan, 3 Casey 439; Case *v.* Cushman, 3 W. & S. 546; Snyder *v.* Leibengood, 4 Barr 306; Phila. Life Ins. Co. *v.* Amer. Life Ins. Co., 11 Harris 67; Dutton *v.* Tilden, 1 Id. 47; Jones *v.* Patterson, 1 W. & S. 321; Hamilton *v.* McGuire, 3 S. & R. 355; Horton's Appeal, 2 Wright 294; Moore *v.* Commonwealth, 8 Barr 264; Gue *v.* Kline, 1 Harris 62; Bell *v.* Bell, 2 Jones 236; Park *v.* Chadwick, 8 W. &

[Batdorf v. Albert.]

S. 98; Renshaw v. Gans, 7 Barr 118; Clark v. Partridge, 2 Barr 13; Bank v. Fordyce, 9 Id. 275; Hurst's Lessee v. Kirkbride, cited in 1 Binn. 616; Christ v. Deffenbach, 1 S. & R. 464.

The opinion of the court was delivered, July 2d 1868, by

THOMPSON, C. J.—The argument for the plaintiff in error overlooks the distinction between solemn contracts *inter partes*, in writing, executed and delivered, and receipts, the acknowledgment of one party only. The authorities cited apply to the former exclusively, and show that they are not to be altered or varied by parol, except for fraud, accident or mistake. But this case belongs to the latter description, and is governed by different principles. Receipts when mere acknowledgments of delivery or payment, are but primâ facie evidence of the facts and not conclusive, and therefore these facts may be contradicted by oral testimony: 1 Greenl. on Ev. § 305. The instances in our books, in which this rule has been applied are too numerous to be cited, but among them, see 3 S. & R. 355; 1 W. & S. 321; 5 Barr 151; 1 Harris 46 and 62; 8 Barr 264; 2 Jones 236; 2 Wright 294. The testimony complained of, showed what the words of the receipt applied to. This was proper in order to prevent a fraudulent use of the receipt. It disclosed that it was delivered for one purpose, while the attempt was to pervert it to another. Law, in our equitable administration of it, is as efficient to prevent the fraudulent use of an instrument, as is equity to restrain it. The cases of Dutton v. Tilden, 1 Harris 46, Park v. Chadwick, 8 S. & W. 96, Gans v. Renshaw, 7 Barr 117, 9 Id. 275, cited by the counsel for the defendant very conclusively establish this. On both grounds the testimony was properly admissible, and if credible, which the jury thought it was, served to defeat a fraudulent use of the receipt.

We see nothing wrong in the record, and the judgment must be affirmed.