# Rex Auto Exchange *v.* Hoffman, Inc., Appellant.

*Sales—Automobiles—Stolen automobiles—Right to recover from vendor—Sales Act—Breach of warranty—Measure of damages.*

In an action of assumpsit to recover the amount paid for an automobile, the evidence established that the plaintiff had purchased an automobile from the defendant, made certain repairs to it and subsequently sold it to a third person.  Later, it was discovered that the machine was stolen and it was returned to the owner.  The plaintiff thereupon instituted an action to recover the amount which he had paid for the machine and the costs of repairs.  At the trial of the case the defense advanced was that the sale had not been made by the defendant, but by a third party.

*Held,* that the case was for the jury and a verdict for the plaintiff will be sustained.

In such case the measure of damages for the breach of warranty is the loss directly and naturally resulting from the breach, and it was proper to permit evidence of the outlay by the plaintiff on

the car, reference being had to the character of the expense incurred, and the relation which it bore in amount to the value of the property purchased.

Argued October 21, 1924. Appeal, No. 139, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Aug. T., 1923, No. 528, on verdict for the plaintiff in the case of Rex Auto Exchange v. B. F. Hoffman, Inc. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover amount paid for stolen automobile and repairs thereto. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $455 and judgment thereon. Defendant appealed.

*Errors assigned* were, among others, the charge of the court and refusal to grant a new trial.

*Harry C. Kohlhas, Jr.,* for appellant.

*Harry A. Gorson,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

The plaintiff alleged that he bought a used automobile from the defendant; that subsequently it was discovered that the automobile had been stolen; and that the owner caused it to be taken from the plaintiff and restored to him. While the car was in the possession of the plaintiff, who was a dealer in used cars, he caused some repairs to be made on it, and his claim included the cost of the repairs. There was no contradiction of the evidence that the car sold by the defendant was a stolen car and in such a case the right of the purchaser to recover the price from the vendor is not controverted. The defendant has brought up this appeal however and has pre-

sented his case under two assignments of errors; the first of which complains that the court refused to grant a new trial; the second relates to a portion of the charge in which the jury was instructed that if the automobile was purchased from the defendant, the plaintiff would be entitled to a verdict for the amount paid for the car and for such a sum of money as the plaintiff had spent in painting and otherwise repairing it. The first assignment cannot be sustained. It was satisfactorily shown that the car sold to the plaintiff was a stolen car; that the plaintiff was compelled to surrender it and therefore lost the amount paid for it as well as a considerable sum which he had expended in making some repairs on it in promotion of a resale. The appellant also sets forth evidence tending to show that the plaintiff did not buy the car from the defendant, but the verdict settles that question in favor of the plaintiff on sufficient evidence. There was introduced at the trial a check drawn by the plaintiff in favor of the defendant for the price of the car. It is a matter of no consequence that the check was signed both by the plaintiff and Harry Fine in the light of the testimony that the latter was doing business under the name Rex Auto Exchange at that time. The material facts were found in favor of the plaintiff and there was no aspect of the case which made it necessary for the court to grant a new trial.

The charge with respect to the measure of damages was not unwarranted. The Sales Act of 1915, P. L. 563, provides as follows: "The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty." The application of the measure of damages thus established would permit evidence of outlay by the plaintiff on the car, reference being had to the character of the expense incurred and the relation which it bore in amount to the value of the property purchased. The plaintiff was a dealer in used cars, as was also the defendant; their places of business were near to each other

and it was a reasonable presumption that the defendant knew the car was bought for resale and that it would be reconditioned to a greater or less degree. The act of the defendant in delivering to the plaintiff a car, title to which he could not make good, was the cause of the plaintiff's loss and we regard the outlay of the plaintiff as one directly and naturally growing out of the deal between the parties. The question of the remoteness of the expenses included in the claim was one for the court and the allowance of the account was within the prescription of the Sales Act above quoted: Griffen v. Metal Products Co., 264 Pa. 254; Hoffman v. Hockfield Bros., 75 Pa. Superior Ct. 595. The second assignment cannot be sustained.

The judgment is affirmed.