## Mann *v*. Rafferty, Appellant.

Argued October 8, 1930. <span></span>

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ. 

*M. H. Reinheimer* of *Phillips and Reinheimer,* for appellant.

*Jacob Weinstein,* for appellee.

Opinion by Gawthrop, J., December 27, 1930:

Defendant appeals from a judgment entered against him for want of a sufficient affidavit of defense. Plaintiff alleged that he bought an automobile from de-

fendant in October, 1927, and paid him a consideration of $775; that subsequently it was discovered that the automobile had been stolen from one Bruder, who caused it to be taken from plaintiff and restored to her; and that he had been damaged to the amount of the consideration paid to defendant. The affidavit of defense denied none of the allegations of the statement of claim, except that relating to the damage suffered by plaintiff. It averred that plaintiff had used the automobile from October 4, 1927, to April 6, 1929, and that its market value had depreciated to $400, which was its market value when it was taken from plaintiff. The judgment was for the amount of the consideration paid, with interest from April 6, 1929.

The single question we are required to decide is whether the court below applied the correct measure of damages. Appellant urges that the damages should be measured by the value of the automobile when the paramount title was asserted against the vendee, because a recovery of a sum equal to the then value of the property will give him just compensation or indemnity for the injury sustained. The argument has some force and is supported by decisions in some jurisdictions, but in most jurisdictions the measure of damages has been stated to be the purchase money and interest, thus adopting the same rule that is usually applied in estimating damages for breach of covenants of title to real estate. See Sutherland on Damages, 4th Ed., Vol. 2, Sec. 669. Our Supreme Court has followed the general rule. Chief Justice SHARSWOOD, speaking for that court in People's Bank v. Kurtz, 99 Pa. 344, 349, said. "It may now be regarded as well settled, that a party selling as his own, personal property of which he is in possession, warrants the title to the thing sold; and that, if by reason of defect of title, nothing passes, the purchaser may recover back his money, though there be no fraud or warranty on

the part of the vendor. This doctrine is held to apply to choses in action as well as other descriptions of personal property: Charnley v. Dulles, 8 W. & S. 353." It was decided in Wilkinson v. Ferree, 24 Pa. 190, that where there is a breach of warranty of title to a chattel the vendee may disaffirm the contract and recover the consideration paid, though it is greater than the value of the property. BLACK, J., pointed out in that case that such a suit is not on the contract but in disaffirmance of it by an action for the purchase money as for total failure of consideration. To the same effect is Smethurst v. Woolston, 5 Watts & Sergeant 106. In Rex Auto Exchange v. Hoffman, Inc., 84 Pa. Superior Ct. 369, Judge HENDERSON said: "It was satisfactorily shown that the car sold to the plaintiff was a stolen car; plaintiff was compelled to surrender it and therefore lost the amount paid for it." It follows that the court below applied the proper measure of damages.

The judgment is affirmed.