## Spinelli et ux. v. Commercial Banking Corporation.

*C. James Todaro,* for plaintiffs; *A. J. Davis,* for defendant.

LEWIS, J., March 31, 1931.—The testimony in this case, which was tried by the court without a jury, establishes the following facts:
Plaintiffs entered into an agreement with Lawrence Bender, of the Bender Motor Sales Company, for the purchase by plaintiffs of a Chevrolet sedan for $235. They made an initial payment to the said Bender Motor Sales Company of $90 on account of the purchase price, and in order to enable them to pay the balance in instalments the Commercial Banking Corporation, defendant herein, paid to the Bender Motor Sales Company the sum of $135, took a bill of sale from the Bender Motor Sales Company for the automobile and immediately thereafter leased the same to the plaintiffs. While the payment of $90 is noted in the bailment lease as having been made to the defendant lessor, the testimony is clear and uncontradicted to the effect that the "initial instalment" of $90 was paid by plaintiffs to the Bender Motor Sales Company, and that all subsequent instalments were paid to the defendant in accordance with the lease agreement.
To quote from the lease, there is a recital that "The total rental of the automobile and equipment is ($259.20) for the use of which lessee has this day paid in cash and/or trade ($90) as first instalment of rental, and agrees to pay lessor, balance of ($169.20) in twelve monthly instalments of ($14.10) each."

After plaintiffs had paid to the defendant several monthly instalments on account of the rentals provided in the lease, the automobile was seized by the Police Department of the City of Philadelphia, as a stolen vehicle, and returned to the lawful owner. Defendant readily admitted its liability to the plaintiffs for the sum of $112.80, representing the aggregate of the rental payments received by it from the plaintiffs, and refunded that amount to the plaintiffs.

The question to be determined in this proceeding is whether defendants ought to likewise return the $90 initial payment. To state the proposition differently, the problem before us is whether the acknowledgment of the receipt "by cash and/or trade" of the sum of $90, contained in the lease between the parties, is open to contradiction, explanation or correction by parol, so as to rebut the presumption implied by the receipt.

The action herein instituted is in its nature one of indebitatus assumpsit for the recovery of moneys had and received by the defendant, which defendant may not in justice or equity retain. It is clear that if there is a total failure of consideration by reason of a failure of title in the goods, the money paid may be recovered: 35 Cyc. 602, and cases there cited; see, also, Mann v. Rafferty, 100 Pa. Superior Ct. 228; Rex Auto v. Hoffman, 84 Pa. Superior Ct. 369.

It is urged upon the court that the acknowledgment of the receipt of $90 is conclusively binding upon the defendant, so as to cast upon it the obligation to repay moneys actually received by a third party.

A receipt has no contractual inviolability; receipts which are mere acknowledgments are in no way contractual in their nature, and, hence, are not subject to the parol evidence rule. The reason for this is because they are not intended to be exclusive memorials: 5 Wigmore on Evidence (second edition), § 2432; Wagner v. Marcus, 288 Pa. 579.

A receipt is like any other parol admission by a party, open to contradiction, explanation or correction, and is not subject to the rule which forbids the admission of parol evidence to contradict a written instrument: Gregory v. Huslander, 227 Pa. 607; Spittall v. Allee, 55 Pa. Superior Ct. 636.

Where a writing includes a receipt and a contract, it cannot be contradicted by parol evidence, so far as it operates as a contract, any further than an ordinary contract may be. As a receipt, the bailment lease in this case is explainable between the parties, although parol evidence would not be admissible to vary the terms of that portion of it constituting the contract: 10 R. C. L. 1026. Where a written instrument is, as in this case, both a receipt and an agreement or contract, the contractual nature of the writing does not prevent the admission of parol evidence to contradict or explain that portion which is operative only as a receipt: 22 C. J. 1139; Henry on Pennsylvania Evidence, 252, § 226. Mr. Justice Green, in Nichols v. Nichols, 133 Pa. 438, 454 said: ". . . it is perfectly well settled law that receipts, whether contained in deeds or elsewhere, are not conclusive of the payment of money, but only prima facie proof, and always open to explanation. . . ." A recital as to the payment of the consideration in a contract may be contradicted or explained: Soule v. Soule, 157 Mass. 451. An acknowledgment in an insurance policy of the receipt of the premium has been held by some authorities not conclusive evidence that the premium was paid, but may be explained and contradicted: 32 C. J. 1204.

The court, therefore, is of the opinion that the parol evidence rule has no application to that portion of the bailment lease which is a mere acknowledgment of the receipt of an alleged initial payment. While it is *prima facie*

evidence of the payment which it acknowledges, yet it is not conclusive upon the defendant, but is a writing open to explanation, modification or contradiction by parol testimony. This testimony conclusively establishes the fact that the initial payment of $90 was made, not to the defendant, but to the Bender Motor Sales Company.

It should be borne in mind that the action here is not based on a claim for damages by reason of the failure of title, but is an action solely to recover actual sums alleged to have been paid to the defendant by the plaintiffs. Under the circumstances, we cannot see that the recital in the bailment lease of the receipt of $90 estops the defendant from showing the truth.

A careful consideration of the testimony and the legal principles applicable thereto constrains us to hold that plaintiffs cannot prevail in this action. For these reasons, a finding is entered for the defendant.